eliminated any prejudice that defendant may have suffered (*see, People v Heck,* 229 AD2d 931).

Defendant again moved for a mistrial after the prosecutor, during her cross-examination of defendant, asked him whether he had been "kicked out of school", to which defendant responded that he had. Earlier, however, defendant's home tutor had testified without objection that home tutoring was given to students on long-term suspension for a number of reasons, including "anything from illness to fractures, psychiatric help", that he did not know the reason for defendant's suspension, and that defendant did not appear to be injured or sick. Although the court denied defendant's second motion for a mistrial, it sustained the objection to the prosecutor's question, and we conclude that any prejudice resulting from that question was minimal and did not deprive defendant of a fair trial (*see, People v Mosley,* 170 AD2d 990, 991, *lv denied* 77 NY2d 964).

Defendant failed to preserve for our review his challenge to the court's instruction on the presumption of innocence, and we decline to exercise our discretion to reach it in the interest of justice (*see, People v Gray,* 186 AD2d 1058, *lv denied* 81 NY2d 840). Finally, there is no merit to the contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY C. JOHNSON, Appellant. (Appeal No. 1.) [671 NYS2d 391] —Judgment unanimously affirmed. Memorandum: Defendant knowingly, voluntarily and intelligently waived his right to appeal from each judgment of conviction (*see, People v Allen,* 82 NY2d 761, 763). Further, defendant's plea of guilty to attempted robbery in the second degree was knowingly, voluntarily and intelligently entered (*see, People v Lopez,* 71 NY2d 662, 666). We therefore do not consider defendant's contention that the consecutive sentences are unduly harsh or severe (*see, People v Myers* [appeal No. 1], 249 AD2d 929 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Elliott, J.—Attempted Robbery, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY C. JOHNSON, Appellant. (Appeal No. 2.) [671 NYS2d 389] —Judgment unanimously affirmed. Same Memorandum as in *People v Johnson* (249 AD2d 953 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Burke, J.—Bur-

glary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN D. STUART, Appellant. [672 NYS2d 571] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). We reject the contention of defendant that he was denied a fair trial by the failure of the People to produce the victim's medical records until the day of trial. Any prejudice arising from the People's delay was cured when County Court granted defendant a reasonable continuance (*see, People v Cunningham*, 189 AD2d 821, *lv denied* 81 NY2d 1071; *People v Emery*, 159 AD2d 992, 993, *lv denied* 76 NY2d 787). The proof of guilt is legally sufficient to establish defendant's guilt beyond a reasonable doubt, and the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Furthermore, defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). (Appeal from Judgment of Steuben County Court, Sheridan, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDA PRATHER, Appellant. [672 NYS2d 562] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her after a jury trial of criminal sale of a controlled substance in the second degree (Penal Law § 220.41), four counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16), criminal sale of a controlled substance in the first degree (Penal Law § 220.43), and two counts of criminal possession of a controlled substance in the first degree (Penal Law § 220.21).

We reject the contention of defendant that the evidence is insufficient to establish her culpability as an accomplice. Penal Law § 20.00 provides that a person may be held criminally liable as an accomplice if, "acting with the mental culpability required for the commission [of a crime committed by another], he * * * intentionally aids such person to engage in such conduct." The People presented legally sufficient evidence to establish that defendant intentionally aided her husband with his sales of cocaine to an undercover New York State police investigator on June 3rd and June 5th, 1992 (*see, People v Ro-*